## Hunt's Estate.

*Marsh & Eaton*, for accountants; *Bernard T. Foley*, for beneficiary.

CLARK, P. J., April 19, 1930.—D. W. Hunt, the testator, died Feb. 2, 1915. His will bears date of Dec. 3, 1913. Paul W. McKay and Ritchie T. Marsh were named by the testator as executors and trustees. They qualified and have been acting as such, and filed an account Jan. 10, 1930, as trustees for Alice Evangeline Hunt, a minor, now over eighteen years old. She was born July 6, 1910, and will have attained her majority July 6, 1931. She has

190

chosen a guardian, Benjamin G. Ackerly, and he has been appointed as such and filed his bond.

The testator's will provides, *inter alia*, as follows:

"Item: Out of the money and securities on hand or the proceeds derived from the sale of my real estate, I direct my said executors to invest ten thousand ($10,000.00) dollars thereof in bonds of the United States Government and to pay the interest or income therefrom or so much thereof as may be necessary for her support and education, to my grand-daughter, Alice Evangeline Hunt, said payments to be made at such times and in such amounts as in the judgment of my executors she may require, until the said Alice Evangeline Hunt arrives at the age of twenty-one years, or to her guardian if she has chosen one, when she arrives at the age of eighteen years. Upon the arrival of my grand-daughter, Alice Evangeline Hunt, at the full age of twenty-one years, my said executors shall pay to her the principal of said Ten Thousand ($10,000.00) Dollars, and any accrued interest that they may have on hand or to her guardian, if she has chosen one, when she arrives at the age of eighteen years.

"In the event that my grand-daughter, Alice Evangeline Hunt, dies before arriving at the age of twenty-one years leaving issue, the legacy herein bequeathed to her shall be paid to said issue, but in the event of her death without issue, then this legacy shall not vest but shall fall into my residuary estate."

There survives the testator a son, Reed T. Hunt, and a granddaughter, Alice Evangeline Hunt, who lives with her father, the said Reed T. Hunt, who supports his daughter, the legatee. There has not been any request for a part of the income from the legacy for her support and education, except for a piano, which was furnished at a cost of $375.

The account shows that the $10,000 legacy has increased to $16,702.58, which, less the administration expenses, cost of piano and commission, totaling $1274.13, leaves a balance on hand of $15,428.45.

There were not any exceptions or criticisms of the account, and it is approved.

The important question to be determined is, shall the trustees retain the balance now in their custody or pay it over to the guardian of Alice Evangeline Hunt?

In the first place, the fiduciaries, in their discretion, may pay out of the income at such times and such amounts as their judgment determines, until she arrives at the age of twenty-one, to the proper parties for the support and education of Alice Evangeline Hunt, or if she arrives at the age of eighteen and chooses a guardian, which she has done, and the fiduciaries conclude that a necessity exists for a payment for the purposes designated, they can make such payment to the guardian for these purposes, but the determination as to the necessity is by the will conferred upon them, and the initiative is vested in them until the beneficiary arrives at the age of twenty-one, if she so long lives.

A testamentary trust is created and the bequest to this granddaughter is a conditional one; she takes it if she lives until she is twenty-one, but if she dies before that time and leaves issue, it goes to such issue. If her death occurs before she is twenty-one and she leaves no issue, then it falls into the residuary estate. The final distribution of the fund cannot now be made by the fiduciaries; they must wait until the time set for distribution expires or death occurs and there is not any surviving issue. These contingencies must be considered and cannot be safely eliminated; the legatee or issue or the

residuary estate may ultimately be the recipient of the testator's expressed provisions, which must be followed.

We cannot interfere with the trustees' discretion unless there has been a manifest abuse of it. There has not been any abuse, and we cannot re-write the will and terminate their duties.

We find that the testator's intent was to allow his fiduciaries to administer his estate as we have outlined it and that they should continue to do so as heretofore.

And now, to wit, April 19, 1930, it is adjudicated, ordered and decreed that the account is approved and that the fiduciaries retain the funds in their hands and proceed to the settlement of them in accordance with the provisions of the will and with the foregoing opinion.